No. 14-35943
No. 15-35113

_____

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
_____

LAURA ZAMORA JORDAN,
as her separate estate, and on behalf of others similarly situated,

*Plaintiff and Appellee,*

v.

NATIONSTAR MORTGAGE, LLC, a Delaware Limited liability company,

*Defendant and Appellant.*

_____

Appeal from the United States District Court, Eastern
District of Washington, Case No. 2:14-cv-00175-TOR
Honorable Theodore O. Rice

_____

## APPELLEE'S BRIEF
_____

Clay M. Gatens
Email:  clayg@jdsalaw.com
JEFFERS, DANIELSON, SONN
  & AYLWARD, P.S.
P.O. Box 1688
Wenatchee, Washington 98807
Telephone:  (509) 662-3685

Michael D. Daudt
Email:  mdaudt@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone:  (206) 816-6603

*Attorneys for Plaintiff/Appellee Laura Zamora Jordan*

# TABLE OF CONTENTS

**Page No.**

CORPORATE DISCLOSURE STATEMENT ...................................................... i

I.      JURISDICTIONAL STATEMENT ..............................................................1

II.     STATEMENT OF ISSUES ...........................................................................2

III.    STATEMENT OF CASE .............................................................................2

        A.      Substantive Facts ..........................................................................2

        B.      Procedural Facts ...........................................................................3

IV.     SUMMARY OF ARGUMENT ....................................................................5

V.      ARGUMENT ...............................................................................................5

        A.      Standard of Review .......................................................................5

        B.      The District Court was legally correct in determining that
                28 U.S.C. § 1442 federal officer removal did not apply to
                28 U.S.C. § 1453 class action removals ............................................6

                1.      CAFA is Strictly Construed Against Removal .......................6

                2.      The Supreme Court's Holding in *Dart Cherokee*
                        does not negate the Ninth Circuit's general
                        rule of strict construction against removal jurisdiction
                        under § 1453 .............................................................................7

                3.      Nationstar Fails to Carry its Burden to Establish that
                        Removal was Proper .............................................................11

                4.      *Durham* Applies Only to Federal Officer Removal ...............14

C. The District Court did not abuse its discretion in determining that Nationstar's removal was objectively unreasonable so as to warrant an award to Jordan of attorney's fees and costs under § 1447(c) ..................... 17

D. This Court should award attorney's fees and costs to Jordan ........... 20

V. CONCLUSION ............................................................................. 21

STATEMENT OF RELATED CASES ................................................. 23

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS ............................................................. 24

CERTIFICATE OF SERVICE ............................................................. 25

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Abrego v. The Dow Chem. Co.*,
 443 F.3d 673 (9th Cir. 2006) ........................................................7, 12, 13, 21

*Adams v. Toys 'R' Us, Inc.*,
 Case No. 14-cv-05550-MEJ, 2015 WL 395214 (N.D. Cal.
 Jan 29, 2015)................................................................................................9

*Balcorta v. Twentieth Century-Fox Film Corp.*,
 208 F.3d 1102 (9th Cir. 2000) .......................................................................5

*Coleman v. Estes Express Lines, Inc.*,
 627 F.3d 1096 (9th Cir. 2010) ......................................................................1

*Dart Cherokee Basin Op. Co., LLC v. Owens*,
 ___ U.S. ___, 135 S. Ct. 547 (2014) ....................................7-11, 13, 17, 21

*Dudley v. Eli Lilly and Co.*,
 ___ F.3d ___, No. 14-13048, 2014 WL 7360016 (11th Cir.
 Dec. 29, 2014)..............................................................................................10

*Durham v. Lockheed Martin Corp.*,
 445 F.3d 1247 (9th Cir. 2006) ......................................... 1, 2, 4, 5, 14-18, 21

*Eminence Investors, L.L.L.P. v. Bank of New York Mellon*,
 No.1:13-CV-02025-AWI, 2014 WL 2567172 (E.D. Cal.
 June 6, 2014)..........................................................................................16, 19

*Ethridge v. Harbor House Rest.*,
 861 F.2d 1389 (9th Cir. 1988) .......................................................................5

*Gardner v. UICI*,
 508 F.3d 559 (9th Cir. 2007) ...................................................................17, 18

*Jordan v. Nationstar*,
    No. 2:14-CV-0175-TOR, 2014 4443284 (Sept. 9, 2014)...........................19

*Lussier v. Dollar Tree Stores, Inc.*,
    518 F.3d 1062 (9th Cir. 2008) ...................................................................17

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) ...............................................................6, 20

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ...........................19

*Moore v. Permanente Med. Grp., Inc.*,
    980 F.2d 738 (9th Cir. 1992) ...................................................................20

*Nevada v. Bank of Am. Corp.*,
    672 F.3d 661 (9th Cir. 2012) ...............................................................6, 20

*Oda v. Gucci America, Inc.*,
    Nos. 2:14-cv-7468-SVW (JPRx); 2:14-cv-07469-SVW
    (JPRx), 2015 WL 93335 (C.D. Cal. Jan. 7, 2015).......................................9

*Patel v. Del Taco, Inc.*,
    446 F.3d 996 (9th Cir. 2006) ....................................................6, 17, 18, 19

*Progressive W. Ins. Co. v. Preciado*,
    479 F.3d 1014 (9th Cir. 2007) ....................................................................6

*Ramos-Arrizon v. JP Morgan Chase Bank, N.A.*,
    No. 12CV609JLC WMC, 2012 WL 3762455 (Aug. 28, 2012)............15, 19

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
    720 F.3d 1121 (9th Cir. 2013) ..................................................................12

*Taylor v. Sentry Life Ins. Co.*,
    729 F.2d 652 (9th Cir. 1984) ...................................................................21

*Washington v. Chimei Innolux Corp.*,
    659 F.3d 842 (9th Cir. 2011) .....................................................................6

*Yocupicio v. PAE Grp., LLC*,
No. CV 14-8958-GW (JEMx), 2014 WL 7405445 (C.D. Cal.
Dec. 29, 2014)............................................................................................9, 12

## FEDERAL STATUTES

United States Code
Title 28
Section 1332 .......................................................... 1, 8-11, 13, 21
Section 1441 ...............................................................14, 15
Section 1442 .................................... 2, 5, 6, 14, 15, 17, 18, 20
Section 1446 .............................. 11, 12, 14, 16, 17, 21
Section 1447 ...................................... 4, 5, 17, 19, 20
Section 1453 ......................... 1, 2, 5-8, 10, 11, 14, 17, 18, 20, 21

## OTHER AUTHORITIES

S. Rep. No. 109-14 (2005)
reprinted in 2005 U.S.C.C.A.N. 3 ...................................................9, 11, 13

## CORPORATE DISCLOSURE STATEMENT

Plaintiff and Appellee is an individual with no corporate affiliations.

# I.    JURISDICTIONAL STATEMENT

On April 3, 2012, Plaintiff Laura Zamora Jordan ("Jordan") filed this class action in Washington state court.  ER 135.  Defendant Nationstar Mortgage, LLC ("Nationstar") removed this action to Federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  ER 147.

On September 9, 2014, the District Court remanded the action to state court and awarded Jordan attorney's fees and costs, in an amount to be determined pursuant to affidavits filed by Jordan's counsel.  ER 26.

On October 24, 2014, the District Court determined the amount of the attorney's fees and costs to be $16,886.76 and entered an order awarding that amount to Jordan.  ER 14.

This Court has jurisdiction to review the District Court's remand order because "the court of appeals… has discretion whether to accept the appeal" of "a remand order" "[u]nder CAFA."  *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010); *see also* 28 U.S.C. § 1453(c)(1).

This Court has jurisdiction to review the District Court's award because "the district court's grant of attorney's fees and costs is a final order subject to review under 28 U.S.C. § 1291."  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

## II.    STATEMENT OF ISSUES

1.    Was the District Court's remand order legally correct when based on the District Court's determination that 28 U.S.C. § 1442 federal officer removal  as interpreted in *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-54 (9th Cir. 2006) did not apply to 28 U.S.C. § 1453 class action removals?

2.    If the District Court's remand order was legally correct, did the District Court abuse its discretion in determining that Nationstar's removal was objectively unreasonable so as to warrant an award to Jordan of $16,886.76 in attorney's fees and costs?

3.    Should this Court award attorney's fees and costs on appeal to Jordan?

## III.    STATEMENT OF CASE

### A.    Substantive Facts

Plaintiff Laura Zamora Jordan ("Jordan") is the fee title owner of a single-family home located in Wenatchee, Washington.  ER 57.  Defendant Nationstar Mortgage, LLC ("Nationstar") is the holder of a promissory note from Jordan and the beneficiary of a deed of trust secured by Jordan's home.  *Id.*  On April 3, 2011, Nationstar's agents entered Jordan's home without notice while she was at work, removed the existing locks, and installed a lockbox.  *Id.*  Jordan was briefly allowed to enter her home to remove her personal belongings, but she has not had

use or possession of her home since Nationstar locked her out. *Id.* Nationstar has also billed Jordan approximately $980.45 for alleged property inspections and maintenance ("preservation services"). *Id.* To date, Nationstar still has not commenced foreclosure proceedings against Jordan's home, which she still owns. *Id.* Thus, Jordan has been deprived of the use and fair rental value of her home for over three years. *Id.*

**B.     Procedural Facts**

On April 3, 2012, Jordan filed and served a class action complaint in Chelan County Superior Court ("State Court") against Nationstar, alleging five causes of action including violations of the Federal Fair Debt Collection Practices Act ("FDCPA"). ER 62-67. On January 4, 2013, Ms. Jordan filed a Second Amended Complaint ("SAC") to add additional allegations and define the proposed class. *See* ER 157-172. On May 9, 2014, the State Court certified Jordan's proposed class. ER 174-182.

On June 3, 2014, Jordan, in her answers to Nationstar's Fifth Interrogatories, which requested identification of the amount of damages sought for each cause of action brought in Jordan's SAC, answered:

> [B]ased on the limited discovery provided to-date by Defendant, the total amount of monetary damages is expected to exceed $25,000,000.00

ER 186-187.

- 3 -

On June 5, 2014, Nationstar filed with the District Court for the Eastern District of Washington ("District Court") its Notice of Removal, seeking removal of the action from the Washington State Superior Court. ER 146. Nationstar sought removal pursuant to the Class Action Fairness Act ("CAFA"), arguing that Jordan's 6/3/14 Answers were the first "other paper from which it could be ascertained that the matter in controversy exeed[ed] $5,000,000.00," thereby triggering federal jurisdiction pursuant to CAFA. ER 149. Nationstar further alleged that its Notice of Removal was timely pursuant to *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-54 (9th Cir. 2006). *Id.* On July 7, 2014, Jordan filed her Motion to Remand. ER 108.

By order entered September 9, 2014, the District Court rejected Nationstar's arguments and granted Jordan's Motion for Remand. ER 15-26. The District Court further ordered an award of attorney's fees to Jordan pursuant to 28 U.S.C. § 1447(c), holding that Nationstar lacked an objectively reasonable basis for seeking removal, and ordering Jordan's counsel to file an affidavit for fees and costs "with respect to Defendant's removal." ER 25, 26.

By order entered October 24, 2014, the District Court awarded Jordan $16,886.76 in attorney's fees and costs. ER 14.

- 4 -

## IV.   SUMMARY OF ARGUMENT

Nationstar waited more than *two years* to remove this case after being served with Plaintiff's original complaint for class action, which included a claim under the FDCPA.  In an attempt to create a basis for removal where none exists, Nationstar asserts that this Court's interpretation of federal officer removal under 28 U.S.C. § 1442 in *Durham* should be expanded to provide a similar timeframe for removal of class actions under 28 U.S.C. § 1453.  Nationstar's argument is contrary to controlling Ninth Circuit authority and the legislative intent of §§ 1442 and 1453.  Accordingly, Nationstar had no objectively reasonable basis for removing this matter and the District Court did not err either in granting Jordan's motion for remand or in awarding Jordan attorney's fees.

## V.   ARGUMENT

### A.   Standard of Review

The Court reviews *de novo* a district court's action on a 28 U.S.C. § 1447(c) motion to remand.  *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Court reviews an award of attorney's fees under 28 U.S.C. § 1447(c) for abuse of discretion, but will overturn the award if it is based on an erroneous determination of law—that is, if the district court wrongly determined that the case should be remanded to state court—and thus review of the award must include a *de*

- 5 -

*novo* examination of whether the remand order was "legally correct." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1105-06 (9th Cir. 2000) ("legally correct").

**B.    The District Court was legally correct in determining that 28 U.S.C. § 1442 federal officer removal did not apply to 28 U.S.C. § 1453 class action removals**

1.    <u>CAFA is Strictly Construed Against Removal</u>

Controlling Ninth Circuit authority rejects the core of Nationstar's argument, which is that § 1453 removal under CAFA should be construed "broadly" in favor of removal. *See* Brief at 7. This Court has had several opportunities to construe CAFA removal jurisdiction in the almost ten years since CAFA was enacted. In each such case construing CAFA removal, this Court has consistently applied the "general rule" of strict construction against removal jurisdiction under § 1453. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 666-67 (9th Cir. 2012) ("Removal statutes are to be 'strictly construed' against removal jurisdiction."); *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("[T]he general principles of removal jurisdiction apply in CAFA cases. The right of removal is statutory, and the requirements strictly construed."); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("In general, removal statutes are strictly construed against removal."); *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1018 (9th Cir. 2007) ("Nor can we accept Progressive's invitation to

read CAFA liberally as making a *sub silentio* exception to *Shamrock*. We have declined to construe CAFA more broadly than its plain language indicates."); *Abrego v. The Dow Chem. Co.*, 443 F.3d 673, 685 (9th Cir. 2006) ("The traditional rule of burden allocation in determining removal jurisdiction was meant to comport with what the Supreme Court has termed '[t]he dominant note in the successive enactments of Congress relating to diversity jurisdiction', that is, 'jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts in order to keep them free from their distinctive federal business'."). No subsequent Ninth Circuit authority supports Nationstar's arguments to the contrary.

> 2. The Supreme Court's Holding in *Dart Cherokee* does not negate the Ninth Circuit's general rule of strict construction against removal jurisdiction under § 1453

Nationstar argues that dicta in the Supreme Court's recent holding, *Dart Cherokee Basin Op. Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547 (2014), negated the Ninth Circuit's long-applied general rule of strict construction against removal under § 1453. *See id.* at 554 ("no antiremoval presumption attends cases involving CAFA"). However, *Dart Cherokee* is not applicable here.

In *Dart Cherokee*, the defendant sought removal of a state action under CAFA. 135 S. Ct. at 551-52. The plaintiff sought remand, arguing that the

defendant's notice of removal was "deficient as a matter of law" because "it included no evidence providing that the amount in controversy exceeded $5 million," as required by § 1332(d)(2). *Id.* at 552. Thus, the issue before the Supreme Court was not whether removal was proper under § 1453, but whether the defendant had sufficiently pleaded the $5 million monetary threshold so as to implicate subject matter jurisdiction under § 1332(d):

> To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation? **That is the single question argued here and below by the parties and the issue on which we granted review**. The answer, we hold, is supplied by the removal statute itself. A statement "short and plain" need not contain evidentiary submissions.

*Id.* at 551 (emphasis added).

Underlying subject matter jurisdiction is distinct from removal procedure. The Supreme Court's decision in *Dart Cherokee* recognized this distinction as well as Congress's intent that this distinction be made:

> CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court **if properly removed by any defendant**."

*Id.* at 554 (emphasis added) (quoting S. Rep No. 109-14, 43 (2005)). Indeed, the passage quoted from the Senate Report in *Dart Cherokee* specifically referenced § 1332(d) subject matter jurisdiction: "Overall, **new section 1332(d)** is intended to

expand substantially federal court jurisdiction over class actions. **Its provisions** should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." S. Rep. No. 109-14, 43, 2005 U.S.C.C.A.N. 3, 41 (emphasis added).

Three district court cases in the Ninth Circuit have applied *Dart Cherokee*. All have limited their application of *Dart Cherokee* to issues of § 1332(d) subject matter jurisdiction. *Adams v. Toys 'R' Us, Inc.*, Case No. 14-cv-05550-MEJ, 2015 WL 395214 *2 (N.D. Cal. Jan 29, 2015) ("No antiremoval presumption attends cases invoking CAFA…. Thus a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Oda v. Gucci America, Inc.*, Nos. 2:14-cv-7468-SVW (JPRx); 2:14-cv-07469-SVW (JPRx), 2015 WL 93335 *2 -*3 (C.D. Cal. Jan. 7, 2015) ("CAFA allows for subject matter jurisdiction over class actions in which [identifying §1332(d) requirements]…. Thus no antiremoval presumption attends cases invoking CAFA.") (internal citations omitted); *Yocupicio v. PAE Grp., LLC*, No. CV 14-8958-GW (JEMx), 2014 WL 7405445 *2, (C.D. Cal. Dec. 29, 2014) ("No antiremoval presumption attends cases invoking CAFA…. In CAFA removals, part of [defendant's] burden includes showing the amount in controversy exceeds $5 million.") (internal citations omitted).

The other case upon which Nationstar relies, *Dudley v. Eli Lilly and Co.*, ___ F.3d ___, No. 14-13048, 2014 WL 7360016 *2, (11th Cir. Dec. 29, 2014), also limited the application of *Dart Cherokee* to § 1332(d) pleading sufficiency analysis:

> Recently, the Supreme Court decided [*Dart Cherokee*], which shed additional light **on the jurisdictional requirements** found in CAFA…. In *Dart*, … the Supreme Court made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." This conclusion was driven, in part, by the legislative history, including language found in Senate Report No. 109–14 (2005), which observed that CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court **if properly removed by any defendant**." Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand **in deciding CAFA jurisdictional questions**.

*Dudley*, 2014 WL 7360016 at *2 (emphasis added, internal citations omitted).

The Supreme Court and subsequent courts relying on *Dart Cherokee* unanimously hold that no nonremoval presumption exists only in deciding questions of CAFA subject matter jurisdiction under § 1332(d). Here, there is no controversy as to the sufficiency of Nationstar's Notice of Removal under § 1332(d). Rather, it is the timeliness of Nationstar's filing of that Notice under § 1453 that is at issue. The same Senate Report relied upon by Nationstar made clear that Congress did not intend to relax the 30-day deadline triggered when a

case first becomes removable.  *See* S. Rep. No. 109-14, 29, 2005 U.S.C.C.A.N. 3, 28-29 ("[T]he current ban on removal of a class action to federal court after one year would be eliminated, although the current requirement that removal occur within 30 days of notice of grounds for removal would be retained."); S. Rep. No. 109-14, 50, 2005 U.S.C.C.A.N. 3, 47 ("By allowing class actions to be removed at any time when changes are made to the pleadings that bring the case within section 1332(d)'s requirements for federal jurisdiction, this provision will ensure that such fraudulent pleading practices can no longer be used to thwart federal jurisdiction.

**It is not the intention of the Committee to change section 1446(b)'s requirements that an action must be removed within thirty days** of being served with the initial pleading or thirty days after receipt of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable.") (emphasis added).

Subject matter jurisdiction under § 1332(d) is separate and apart from § 1453 removal. *Dart Cherokee*'s holding regarding § 1332(d) pleading standards has no bearing on the timeliness factor of proper removal under § 1453. Accordingly, *Dart Cherokee* is not applicable here.

### 3. Nationstar Fails to Carry its Burden to Establish that Removal was Proper

To the extent that *Dart Cherokee* did negate the Ninth Circuit's antiremoval presumption, "while there is no antiremoval presumption, a removing defendant

still 'has the burden of establishing that removal is proper'." *Yocupicio*, 2014 WL 7405445 at *2 (Dec. 19, 2014) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Nationstar did not carry its burden to demonstrate that removal was proper under § 1446(b)(3).[1]

In *Roth v. CHA Hollywood Med. Ctr., L.P.*, this Court recognized that CAFA allows a defendant to remove after it discovers, based on its own investigation, that the case is removable, but only if the defendant "has not lost the right to remove because of a failure to timely file a notice of removal under § 1446(b)(1) or (b)(3)." 720 F.3d 1121, 1123 (9th Cir. 2013). The rationale expressed in *Roth* is applicable whether the basis for removal was ascertained by the defendant's integral investigation or through a "pleading, motion, order, or other paper" received by the defendant. *Id.* at 1125 ("For good reason, § 1446(b)(1) and (b)(3) place strict limits on a defendant who is put on notice of removability by a plaintiff. A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous to do so.").

The holding in *Roth* echoed this Court's earlier holding in *Abrego*: "Under CAFA, class actions … may be removed at any point during the pendency of the

---

[1] Section 1453 states "A class action may be removed to a district court of the United States in accordance with section 1446 [subject to an exception not relevant here]."

litigation in state court, so long as removal is initiated within thirty days after the defendant is put on notice that a case which was not removable based on the face of the complaint has become removable." *Abrego*, 443 F.3d at 691. Under *Roth* and *Abrego*, Nationstar forever lost its right to remove when Nationstar failed to remove within thirty days after being served with the original complaint in this case, because it was clearly removable under § 1441(c)(1)(A) due to Plaintiff's FDCPA claim.

The Senate Report on CAFA cited by Nationstar (and the Supreme Court) does not bear on removal under CAFA. ER 7-8. The report specifically points to "section 1332(d)" concerning the "overall intent" of Congress to "strongly favor the exercise of federal diversity jurisdiction of class actions with interstate ramifications." S. Rep. No. 109-14, 35, 2005 U.S.C.C.A.N. 3, 34 (2005). Furthermore, the "broad" reading of § 1332(d) that the Senate Report encourages relates to Congress's "strong preference that interstate class actions should be heard in a federal court **if properly removed by any defendant**." *Id.* at 3, 41 (emphasis added). As stated earlier, the Supreme Court and Congress recognize that underlying federal subject matter jurisdiction is distinct from removal procedure. *Dart Cherokee*, 135 S. Ct. at 554 (quoting Senate Report). Nothing in the Senate Report directs federal courts to depart from their long-standing strict

construction of §§ 1446 and 1453. Accordingly, Nationstar cannot carry its burden to demonstrate that its Notice of Removal was timely.

4. *Durham* Applies Only to Federal Officer Removal

In *Durham*, this Court addressed the revival of the right to remove based on federal officer jurisdiction under 28 U.S.C. § 1442. *Durham*, 445 F.3d at 1253. As recognized by this Court, § 1442 has a unique history, justifying its liberal construction:

> [W]e do not interpret our jurisdiction under section 1442 so strictly [as under § 1441]. Congress passed the federal officer removal statute to protect the federal government from South Carolina's attempt to nullify federal tariff laws in the 1830s. *See Gay v. Ruff,* 292 U.S. 25, 32, 54 S. Ct. 608, 78 L. Ed. 1099 (1934). And the Supreme Court has mandated a generous interpretation of the federal officer removal statute ever since: "It scarcely need be said that such measures are to be liberally construed to give full effect to the purposes for which they were enacted." *Colorado v. Symes,* 286 U.S. 510, 517, 52 S. Ct. 635, 76 L. Ed. 1253 (1932). The Supreme Court "has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).' " *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981) (quoting *Willingham v. Morgan,* 395 U.S. 402, 407, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969)).
> …
>
> If the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to on its behalf.

- 14 -

*Durham*, 445 F.3d at 1252-53.

*Durham* explicitly distinguished removal under § 1442 from that under § 1441, noting that removal under § 1441 is to be "strictly construed." *Id.* at 1252. Moreover, *Durham* emphasized that "later disclosure that the case is also removable on another ground under § 1441 doesn't help bring [a defendant] into federal court" after the thirty day limit has expired. *Id.* at 1253.

In addition to the District Court below, two other District Courts in the Ninth Circuit have rejected the same argument to expand the application of *Durham* advanced by Nationstar here. In *Ramos-Arrizon v. JP Morgan Chase Bank, N.A.*, Judge Sammartino of the Southern District of California confronted a removal issue nearly identical to the issue presented here and remanded the case back to the state court. No. 12CV609JLC WMC, 2012 WL 3762455 (Aug. 28, 2012). The plaintiff filed his initial complaint in state court as a single-plaintiff action with multiple state-law claims and one claim under the FDCPA. *Id.* at *1. Four months later, the plaintiff filed an amended complaint including class action allegations for the first time. *Id.* Several months later, the state court issued an order determining that there were 830 potential class members. *Id.* at *2. Based on the state court's determination of the number of potential class members, the defendant removed under CAFA. *Id.* As in this case (*see* ER 22:3-6), the defendant conceded that the original complaint was removable and that its time to remove had therefore expired

under section 1446(b)(1), but the defendant argued that its right to remove revived after it ascertained that the case was removable under CAFA. *Ramoz-Arrizon*, 2012 WL 3762455, at *2. Judge Sammartino specifically analyzed whether, under *Durham*, CAFA removal should be broadly construed to revive a defendant's right to remove where the time to remove had previously expired. *Id.* at *4. While noting that CAFA contains "several specific broadening provisions," Judge Sammartino observed that Congress "elected simply to adopt § 1446(b)'s thirty-day removal requirement." *Id.* "Accordingly, it is the date that the case itself first becomes removable—not the date on which it first becomes removable under CAFA—that governs." *Id.* at *5.

The Eastern District of California also recently rejected the application of *Durham* to the untimely removal of a case under CAFA. *Eminence Investors, L.L.L.P. v. Bank of New York Mellon*, No.1:13-CV-02025-AWI, 2014 WL 2567172, at *7 (E.D. Cal. June 6, 2014) ("[T]he Court agrees with Plaintiff that the Ninth Circuit's holding in *Durham* is limited to its unique facts and, more importantly, to the law's unique treatment of federal officer claims and the special deference to federal jurisdiction mandated in such cases.").

With Judge Rice's remand order below, there are now three District Courts in the Ninth Circuit that have rejected the application of *Durham* to CAFA removal, and no District Court has made a contrary ruling. In light of those rulings

and the strong line of Ninth Circuit decisions strictly construing removal under CAFA, as well as Congress's "unique treatment" of federal officer claims under § 1442, Nationstar's assertion that *Durham* supports expansion of § 1442 federal officer removal standards to § 1453 removal is unsupported and unsupportable. Even in light of the Supreme Court's holding in *Dart Cherokee*, the District Court was "legally correct" in granting Jordan's motion for remand.

**C.    The District Court did not abuse its discretion in determining that Nationstar's removal was objectively unreasonable so as to warrant an award to Jordan of attorney's fees and costs under § 1447(c)**

This Court has considered § 1447(c) attorney's fees cases four times post-*Martin*.  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062 (9th Cir. 2008); *Gardner v. UICI*, 508 F.3d 559 (9th Cir. 2007); Durham, 445 F.3d 1247 (9th Cir. 2006); *Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006). *Lussier*, *Gardner* and *Durham* are not applicable here.  *Patel* applies, and supports the award here.

In *Lussier*, this Court determined that the defendant had an objectively reasonable basis for removal because it "sought removal under a new statute whose meaning had not yet been fleshed out."  518 F.3d at 1066.  Here, §§ 1442 and 1446 have been in place since 1948, and § 1453 since 2005.  There is nothing to "flesh out" in these three oft-cited statues.

In *Durham*, this Court considered whether a defendant who failed to remove within thirty days on diversity or federal question grounds (§ 1442), could later

remove once it discovered the case was also removable on federal officer grounds. The Court held that the defendant's motion was timely under the special circumstances of § 1442 and so the defendant had an objectively reasonable basis for filing it. *Durham*, 445 F.3d at 1254. Here, as discussed above, there is no reasonable basis to extend § 1442 removal provisions to § 1453 removals.

In *Gardner*, this Court held that it was objectively reasonable for an insurer to remove on the basis of fraudulent joinder of an agent, because a reasonable litigant in its position could have concluded that the complaint failed to state a claim against the only resident defendant. 508 F.3d at 562. Here, there are no issues of fraud that could confuse or obfuscate removable causes of action.

In sum, the post-*Martin* cases where this Court determined that the defendant had an objectively reasonable basis for removal so as to render an award of attorney's fees unreasonable are not applicable here. However, one case, *Patel v. Del Taco, Inc.*, supports the District Court's determination that Nationstar had no objectively reasonable basis for attempting removal.

In *Patel,* the plaintiffs filed a complaint in federal district court against the defendant alleging various civil rights violations. 446 F.3d at 999. The complaint also sought to remove the defendant's pending state court petition to confirm an arbitration award. *Id.* The plaintiffs contended that the arbitration petition was removable because the federal district court had supplemental jurisdiction over the

petition when it was joined with the civil rights claims. *Id.* This contention was "frivolous," as the supplemental jurisdiction statute is not a basis for removal and no other ground for removal existed. *Id.* Accordingly, this Court held that the district court did not abuse its discretion in awarding attorney's fees. *Id.* at 999–1000.

Here, Nationstar's basis for removal is equally baseless. Every district court within the Ninth Circuit confronted with the argument that Nationstar forwards here has rejected it. *Ramos-Arrizon*, 2012 WL 3762455 at *5; *Eminence Investors*, 2014 WL 2567172 at *7; *Jordan v. Nationstar*, No. 2:14-CV-0175-TOR, 2014 4443284 at *4 (Sept. 9, 2014) (this matter below). Nationstar concedes the above,[2] yet asserts that it had an objectively reasonable basis for forwarding such argument. Nationstar's concession and assertion are irreconcilable.

In the context of a fees and costs award under § 1447(c), a trial court abuses its discretion in awarding attorney's fees when, "[a]bsent unusual circumstances," an "objectively reasonable basis" exists for attempting removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). ("Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

---

[2] "It is worth noting that the other two district court opinions that decline to extend *Durham*'s reasoning to CAFA removals …." Brief at 26, n. 7.

Furthermore, at the time that Nationstar filed its Notice of Removal, the Ninth Circuit had consistently applied the "general rule" of strict construction against removal jurisdiction under § 1453.[3]  *See Nevada*, 672 F.3d at 666-67; *Chimei Innolux Corp.*, 659 F.3d at 847; *Luther*, 533 F.3d at 1034; *Preciado*, 479 F.3d at 1018; *Abrego*, 443 F.3d at 685.  No inference could be gleaned from the relevant holdings of the district courts of the Ninth Circuit or the Ninth Circuit itself that removals under CAFA were to be anything other than strictly construed against removal.  Nationstar's unsupported and unsupportable arguments to the contrary have no objectively reasonable basis. Accordingly, the District Court did not abuse its discretion in awarding Jordan fees and costs under § 1447(c).

**D.      This Court should award attorney's fees and costs to Jordan**

28 U.S.C. § 1447(c) authorizes the award of attorney's fees for improper removal.  An award of fees on appeal of a remand order is within the discretion of this court.  *See Moore v. Permanente Med. Grp., Inc.*, 980 F.2d 738 (9th Cir. 1992).

Here, after reasoned analysis, the District Court not only concluded that Nationstar's attempt to expand application of § 1442 federal officer removal to § 1453 CAFA removal failed as a matter of law, but also that Nationstar had no

---

[3] The Supreme Court case upon which Nationstar Relies, *Dart Cherokee*, did not exist at the time that Nationstar removed. It is logically impossible for Nationstar to base its decision to remove on a decision that did not exist.

"objectively reasonable basis" for making such an attempt.  ER 24, 25.  "Hearing that the learned judge who presided over his case finds it worthless ought to put a party on notice that he should at the very least consider carefully the decision to appeal and how to best frame that appeal."  *Taylor v. Sentry Life Ins. Co.,* 729 F.2d 652, 656, n. 2 (Mar. 30, 1984).

Rather than 'carefully consider' the decision to appeal, Nationstar filed this appeal, restating much of the same argument already expressly rejected by every district court within the Ninth Circuit that has considered it, including the District Court below.  To the extent that Nationstar relied on *Dart Cherokee*, such reliance was misplaced.  Much like *Durham*'s inapplicability here, *Dart Cherokee* has no bearing on the case at bar.  Subject matter jurisdiction under § 1332(d) is an issue entirely separate from timeliness of removal under §§ 1453 and 1446.  No case law—including subsequent district courts' application of *Dart Cherokee*—supports Nationstar's arguments to the contrary.  This Court should exercise its discretion to award attorney's fees and costs on appeal to Jordan.

## VI.   CONCLUSION

For the above-stated reasons, Jordan respectfully requests that the Court dismiss Nationstar's appeals in their entirety and award Jordan her attorney's fees and costs on appeal.

RESPECTFULLY SUBMITTED AND DATED this 19th day of February, 2015.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By: /s/ Michael D. Daudt
Michael D. Daudt
Email: mdaudt@tmdwlaw.com
936 N. 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

Clay M. Gatens
Email: clayg@jdsalaw.com
JEFFERS, DANIELSON, SONN
& AYLWARD, P.S.
P.O. Box 1688
Wenatchee, Washington 98807
Telephone: (509) 662-3685

*Attorneys for Plaintiff/Appellee Laura Zamora Jordan*

## STATEMENT OF RELATED CASES

Plaintiffs-Appellants are unaware of any related cases.  *See* 9th Cir. R. 28-2.6.

**CERTIFICATE OF COMPLIANCE**
**WITH TYPE-VOLUME LIMITATION,**
**TYPEFACE REQUIREMENTS, AND**
**TYPE STYLE REQUIREMENTS**

1.      This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 4,832 words, excluding the parts of

the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because

this brief has been prepared in a proportionally spaced typeface using

Microsoft Word 14 point Times New Roman.

DATED this 19th day of February, 2015.

TERRELL MARSHALL DAUDT
& WILLIE PLLC


By:  /s/ Michael D. Daudt
     Michael D. Daudt
     Email:  mdaudt@tmdwlaw.com
     936 N. 34th Street, Suite 300
     Seattle, Washington 98103
     Telephone:  (206) 816-6603

*Attorneys for Plaintiff/Appellee Laura Zamora*
*Jordan*

## CERTIFICATE OF SERVICE

I, Michael D. Daudt, certify that on 19th day of February, 2015,

I electronically filed the foregoing document entitled Appellee's Brief with the

Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by

using the CM/ECF System, which will serve electronic notice of said filing on the

following:

> John A. Knox
> Email:
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, Washington  98101-2380
> Telephone: (206) 628-6600
> Facsimile: (206) 628-6611
>
> Jan T. Chilton
> Email:  jtc@severson.com
> SEVERSON & WERSON
> One Embarcadero Center, Suite 2600
> San Francisco, California 94111
> Telephone: (415) 398-3344
> Facsimile: (415) 956-0439
>
> *Attorneys for Defendant and Appellant Nationstar Mortgage LLC*

I further certify that I have mailed the foregoing document by First Class

mail, postage prepaid from Seattle, Washington, or have dispatched it to a

third-party commercial carrier for delivery within three days to the following

non-CM/ECF participants:

> None.

- 25 -

DATED this 19th day of February, 2015.

TERRELL MARSHALL DAUDT
  & WILLIE PLLC

By:  /s/ Michael D. Daudt
      Michael D. Daudt
      Email:  mdaudt@tmdwlaw.com
      936 N. 34th Street, Suite 300
      Seattle, Washington 98103
      Telephone:  (206) 816-6603

*Attorneys for Plaintiff/Appellee Laura Zamora Jordan*